IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| DEONTAE CALDWELL,<br>TDCJ-CID No. 01903202,<br><br>Plaintiff,<br><br>v.<br><br>J. TOVAR, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:19-CV-081-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL-RIGHTS COMPLAINT

Before the Court is Plaintiff's civil-rights Complaint (ECF No. 3) brought under 42 U.S.C. § 1983, filed on April 19, 2019. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. The Court granted Plaintiff permission to proceed *in forma pauperis*. ECF No. 6. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

**FACTUAL BACKGROUND**

Plaintiff — a repeat filer in this Court — makes claims concerning TDCJ staff at the Bill Clements Unit regarding the disrespectful treatment of his family by TDCJ staff and the failure of TDCJ officials to resolve his grievances concerning this issue. (ECF No. 3 at 4–8). Plaintiff's claims in this lawsuit overlap his claims in two other lawsuits that were previously dismissed as frivolous by this Court. *See* Case Nos. 2:19-CV-018-Z-BR & 2:19-CV-019-Z-BR. In those cases, Plaintiff alleged TDCJ staff spread misinformation about Plaintiff's sister (Melody), his other family, and Plaintiff himself throughout TDCJ through use of "walkie talkies." In those cases, Plaintiff alleged TDCJ staff spread misinformation about Plaintiff and his family members by

using "walkie talkies." *See, e.g.*, *Caldwell v. Ramirez*, Nos. 2:19-CV-018-Z-BR; *Caldwell v. Miller et al*, 2:19-CV-019. Plaintiff in this lawsuit lists both additional TDCJ personnel who engaged in this behavior, and repeats prior claims made in his prior lawsuits. *See id.* at 6–8. He additionally challenges the denial of his grievances concerning this issue. *Id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

### ANALYSIS

In case 2:19-CV-018-Z-BR, Plaintiff alleged that on December 14, 2018, a TDCJ officer "disrespected his sister" in view of a TDCJ body camera, among his other claims. *See Caldwell v. Ramirez*, No. 2:19-CV-018-Z-BR (N.D. Tex. Feb. 18, 2022). In the present lawsuit, Plaintiff alleges he spoke to Defendant Pozos on January 9, 2019, concerning TDCJ's staff and the

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

disrespect shown to his family. ECF No. 3 at 6. According to Plaintiff, Defendant Pozos claimed he would end the disrespect, but failed to do so. *Id.* When Plaintiff repeated his request, Defendant Pozos had Plaintiff sent to a mental health crisis unit. *See id.* Plaintiff asserts that Defendant Gonzales witnessed the disrespect of Plaintiff's family but did not act to mitigate it. *Id.*

Plaintiff also alleges that on February 25, 2016, Defendant Brittney Miller disrespected another individual (in an undisclosed manner) in view of a body camera video and then lied about the situation on a Step 2 grievance. *Id.* Plaintiff asserts the other named Defendants actively allow this "harassment" to go on and are also involved in denying his grievances concerning the issues. *Id.* at 7. Plaintiff references his previous cases filed: 2:19-CV-021-Z-BR and 2:19-CV-19-Z-BR. *Id.* Plaintiff claims the grievances he filed about these issues were handled incorrectly. *Id.* Plaintiff now adds to previous allegations that Defendant Miller — without cause — started talking about Plaintiff's brother and sister while a mini-camera was recording the conversation. *Id.* at 8. Plaintiff spoke to the crisis unit doctors concerning the issue of TDCJ staff's ongoing disrespect that makes Plaintiff uncomfortable. *Id.* Plaintiff seeks compensatory relief from TDCJ employees who continue to "bother and disrespect" him. *Id.* at 6.

A complaint that duplicates claims asserted in an earlier action may be deemed malicious and subject to summary dismissal. *See Brock v. Cockrell*, No. 3-03-CV-0340-M, 2003 WL 21418792, at *1 (N.D. Tex. Mar. 26, 2003). Consequently, Plaintiff's claims against Defendants for "disrespecting his family" should be summarily dismissed as duplicative under 28 U.S.C. § 1915A(b). *See Pitman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

"[A] prisoner has a liberty interest only in 'freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"

*Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). A prisoner lacks a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, Plaintiff's claims about Defendants' failure to adequately resolve his grievances about this issue do not state a constitutional claim and are **DISMISSED WITH PREJUDICE**. To the extent Plaintiff adds that his grievances were never addressed, previous submissions in other lawsuits contradict these statements, and in any event, even if true, these claims are still frivolous. Additionally, Plaintiff's claims about Defendants' disrespect towards Plaintiffs' brother and are duplicative of his previous lawsuits identified herein and are **DISMISSED WITH PREJUDICE**.

The Court **DENIES** Plaintiff's request to terminate his filing fee. *See* ECF No. 15. Filing fees attach at the time that a Complaint is filed.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

June 27, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE